IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

P.M.C. CONSTRUCTION, INC.                                    PLAINTIFF

VS.                              CASE NO. 06-CV-1104

GEORGIA PACIFIC CORPORATION                      DEFENDANT/
                                                 COUNTER PLAINTIFF

VS.

P.M.C. CONSTRUCTION, INC.                        COUNTER DEFENDANT

# ORDER

Before the Court is a Motion to Dismiss Amended Complaint filed on behalf of the Defendant Georgia Pacific Corporation. (Doc. No. 25). The Plaintiff, P.M.C. Construction, has responded to the motion. (Doc. No. 27). The Defendant has filed a reply to Plaintiff's response. (Doc. No. 29). On June 27, 2007, the Court heard oral arguments on the motion. The Court finds the matter ripe for consideration.

On October 11, 2006, P.M.C. Construction, Inc. ("PMC") filed this suit against Georgia Pacific Corporation ("Georgia Pacific") in the Circuit Court of Ashley County, Arkansas. On November 11, 2006, Georgia Pacific removed the lawsuit to this Court. On May 15, 2007, PMC amended its Complaint alleging claims for breach of contract and violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. 4-88-101, *et seq.* Georgia Pacific seeks to dismiss PMC's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss should be granted when the plaintiff fails to state a claim upon which

relief can be granted.  Fed.R.Civ.P. 12(b)(6).  Dismissal should be granted only when the Plaintiff has not proffered "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct 1955, 1974, 167 L.Ed.2d 929 (2007) (overruling the "beyond doubt/no set of fact" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  Consequently, a Rule 12 (b)(6) motion should be granted where the plaintiffs have failed to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic,* 127 S.Ct. at 1974.  In assessing a motion to dismiss, the court is required to view the allegations in the complaint in the light most favorable to the plaintiff. *Id.* at 1964-65.  Moreover, the court must accept all the factual allegations in the plaintiff's complaint as true, even if doubtful. *Id.* at 1965. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007)(citing in part *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 508 n. 1 (2002)).

In its Amended Complaint, PMC alleges that it entered into a contract with Georgia-Pacific on January 1, 2005, to perform certain work at Georgia Pacific's Crossett paper mill.  Prior to the expiration of the contract (December 31, 2006), Georgia Pacific notified PMC that it would no longer be allowed to perform any work at the Crossett mill.  PMC prays for all its lost profits as damages for the breach of its contract.  In reviewing this claim in light of the above standard, the Court can not say that PMC has not offered enough facts to state a breach of contract claim that is "plausible on its face."  Therefore, Georgia-Pacific's Motion to Dismiss in regard to PMC's breach of contract claim should be denied.

In its Amended Complaint, PMC also claims that Georgia-Pacific's conduct violated the Arkansas Deceptive Trade Practices Act,  Ark. Code Ann. § 4-88-101, *et seq.*  It claims that Georgia-Pacific's conduct of requesting that PMC dissolve, re-establish as a new corporate entity and re-qualify to do work at the Crossett mill amounted to an unconscionable, false and

deceptive act. PMC prays for its lost profits as damages for the ADTPA violation. To violate the ADTPA, an act or trade practice must be unconscionable, false, or deceptive. Ark. Code Ann. § 4-88-107(a)(10). It is one that affronts the sense of justice, decency, or reasonableness. See *Baptist Health v. Murphy,* 365 Ark. 115, 226 S.W.3d 800 (2006). In reviewing this claim in light of the above standard, the Court can not say that this claim crosses the line from conceivable to plausible. Thus, PMC has failed to state a claim under the ADTPA upon which relief can be granted. Georgia-Pacific's Motion to Dismiss in regard to the PMC's deceptive trade practices claim should be granted**.**

Accordingly, the Court finds that Georgia-Pacific's Motion to Dismiss should be and hereby is **granted in part** and **denied in part**. PMC's claim against Georgia-Pacific under the Arkansas Deceptive Trade Practices Act is hereby dismissed. PMC's claim against Georgia-Pacific for breach of contract remains before the Court.

IT IS SO ORDERED, this 31st day of March, 2008.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge