IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

P.M.C. CONSTRUCTION, INC.                                    PLAINTIFF

VS.                                         CASE NO. 06-CV-1104

GEORGIA PACIFIC CORPORATION                  DEFENDANT/
                                             COUNTER PLAINTIFF

VS

P.M.C. CONSTRUCTION, INC.                                    COUNTER DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Summary Judgment filed on behalf of Counter Defendant P.M.C. Construction, Inc. (PMC) (Doc. No. 31). Counter Plaintiff Georgia Pacific has responded to the motion. (Doc. No. 34). PMC has filed a reply (Doc. No. 37) and Georgia Pacific has filed a surreply (Doc. No. 38). The matter is ripe for consideration.

### BACKGROUND

On January 1, 2005, Georgia Pacific and PMC entered into a contract under which PMC performed contractor work at Georgia Pacific's Crossett Paper Mill. The contract required PMC to maintain commercial general liability insurance coverage for bodily injury, death and property damage with minimum limits of $1,000,000.00 per occurrence and $2,000,000.00 general aggregate. It also required that Georgia Pacific be named as an Additional Insured under the insurance policy and that the policy would provide the primary coverage in the event of a covered claim regardless of whether or not Georgia Pacific had similar coverage. Thereafter, Georgia

Pacific was provided with a Certificate of Liability Insurance from Interstate Fire & Casualty Company ("Interstate") showing PMC's insurance coverage.

On May 11, 2005, Chris Cross, a PMC employee, was killed while working for PMC at the Crossett Paper Mill.  On October 21, 2005, the Estate of Chris Cross sued Georgia Pacific for negligence in Ashley County Circuit Court.  Three days later, Georgia Pacific removed the case to this Court and filed a Third-Party Complaint against PMC seeking indemnity, pursuant to its indemnity obligation under the parties' contract.

After the Cross action was filed, Georgia-Pacific tendered to Interstate a notice to defend it in the Cross action.  Interstate refused to provide Georgia Pacific with a defense.  When Interstate refuse to defend Georgia Pacific in the Cross action, Georgia Pacific filed suit against Interstate in the United States District Court for the Northern District of Georgia.  In this Georgia action, Georgia Pacific alleged that Interstate breached its duty under the insurance policy to provide Georgia Pacific with a defense in the Cross action.  Georgia Pacific also sought a declaration that Interstate had a duty to defend and to indemnify Georgia Pacific under the terms of the insurance policy.  During the course of the litigation, Georgia Pacific discovered that Interstate's refusal to defend was based on an endorsement in the policy that provided that the insurance afforded to the Additional Insured would be excess rather than primary coverage.  Thereafter, Georgia Pacific resolved the dispute with Interstate and a Stipulation of Dismissal with Prejudice was entered in the case.  As part of the resolution of the Georgia action, Interstate agreed to pay a portion of the Cross claim and pay Georgia Pacific limited defense costs.

Thereafter, Georgia Pacific non-suited its Third-Party Complaint against PMC in the Cross action.  The Cross action was eventually settled and dismissed.

On October 11, 2006, PMC filed this action in the Circuit Court of Ashley County, Arkansas, against Georgia Pacific alleging wrongful termination of the parties' contract. On November 3, 2006, Georgia Pacific removed the case to this Court. On December 14, 2006, Georgia Pacific filed its Answer and counterclaimed against PMC alleging that PMC breached the terms of their contract by failing to name Georgia Pacific as an additional insured entitled to full coverage. The matter is now before the Court on PMC's Motion for Summary Judgment on Georgia Pacific's Counterclaim.

STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment;

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A

dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

## DISCUSSION

In its Motion for Summary Judgment, PMC claims that the exact same cause of action against it has already been resolved in the United States District Court for the Northern District of Georgia. Therefore, it argues that Georgia Pacific is foreclosed from pursuing its Counterclaim against PMC under the principles of res judicata and collateral estoppel. Georgia Pacific has responded, arguing that neither res judicata nor collateral estoppel apply in this case. Therefore, it argues that PMC's summary judgment motion should be denied.

Res judicata, or claim preclusion, prevents parties from relitigating the same cause of action. *Wedow v. City of Kansas City, Missouri,* 442 F.3d 661, 669 (8th Cir. 2006)(citing *Lundquist v. Rice Mem'l Hosp.,* 238 F.3d 975, 977 (8th Cir. 2001)). It is well-established in the Eighth Circuit that the res judicata or collateral estoppel effect of a prior judgment in a diversity

4

action is a question of substantive law controlled by state common law. *Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1043 (8th Cir. 1997)(citing *Austin v. Super Valu Stores, Inc.,* 31 F.3d 615, 617 (8th Cir. 1994)).  In determining which state's res judicata law applies, "it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum." *Id.* (citing *Semler v. Psychiatric Inst. of Wash., D.C., Inc.,* 575 F2d 922, 930 (D.C. Cir. 1978)).  Thus, in the present case, Georgia law determines the preclusive effect to be given to Georgia-Pacific's prior action in the federal district court in Georgia.

Res judicata in the state of Georgia is a matter of statute.  Under Georgia's res judicata statute, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Ga. Code Ann. § 9-12-40 (2007).  For res judicata to apply, there are three prerequisites: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Wyatt v. House,* 287 Ga.App. 739, 743, 652 S.E.2d 627 (2007)(citing *Waldroup v. Green County Hosp. Auth.,* 265 Ga. 864, 866(1), 463 S.E.2d 5 (1995)).  The first two prerequisites are not present in this case.

First, the previous cause of action and the current cause of action must be identical.  The previous cause of action in Georgia was for breach of Interstate's duty to defend Georgia Pacific under a policy of insurance.  In that action, Georgia Pacific sought damages and declaratory relief relating to the insurance policy.  The current cause of action in Arkansas is for breach of PMC's

contract obligation to maintain primary insurance coverage on behalf of Georgia Pacific. In this suit, Georgia Pacific seeks damages for PMC's breach of the parties' contract. Each cause of action was based on a separate contract under which different obligatory duties were owed. The fact that they are related does not make them identical. *See Gunby v. Simon,* 277 Ga. 698, 594 S.E.2d 342 (2004). Thus, the Georgia action and the Arkansas action are not identical.

Second, there must be identity of the parties or their privies in both actions. Thus, this identity must be mutual. *Wickliffe v. Wickliffe Co.,* 277 Ga.App. 432, 434, 489 S.E.2d 153 (1997). In this case, Georgia Pacific was a party in both the Georgia action and the Arkansas action. However, this is not enough. PMC or its privies must also be a party in both actions. PMC was not a party to the Georgia action. Therefore, the question is whether there is privity between PMC and Interstate, who was a party in the Georgia action.

"Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Smith v. Wood,* 115 Ga.App. 265, 269, 154 S.E.2d 646 (1967). Here, Interstate and PMC did not have such an identity of interest that Interstate represented PMC's legal rights in the Georgia action. There is no privity between PMC and Interstate. Thus, there is no identity of the parties or their privies in both cases.

The Court finds that the prior Georgia action did not involve the same causes of action or the same parties or their privies as the present Arkansas action. Therefore, the doctrine of res judicata does not bar Georgia Pacific from bringing this Counterclaim against PMC.

PMC also argues that Georgia Pacific is collaterally estopped from pursuing its Counterclaim against it. Collateral estoppel operates to preclude the relitigation of issues that

have been previously resolved between the same parties. *Lindsey v. State,* 282 Ga. 447, 451, 651 S.E.2d 66 (2007). In this case, the issue decided in the Georgia case was whether Interstate violated its duty to defend under the insurance policy. The issue raised in the instant Counterclaim is whether PMC violated its contract obligation to obtain primary insurance on Georgia Pacific's behalf. Thus, the issue of PMC's failure to obtain primary insurance coverage for Georgia Pacific was not litigated in the Georgia action.

Collateral estoppel also requires identity of parties or privity. *City of Demorest v. Roberts & Dunahoo Properties, LLC,* 288 Ga.App. 708, 713, 655 S.E.2d 617 (2007). As stated above, there is no identity of parties or their privies in this case.

The Court finds that the prior Georgia action did not involve the same issues or the same parties or their privies as the present Arkansas action. Therefore, the doctrine of collateral estoppel does not bar Georgia Pacific from bringing this Counterclaim against PMC.

Finally, PMC seems to suggest that the Court's October 13, 2006, Order dismissing Georgia Pacific's Third-Party Complaint against PMC in the Cross action requires Georgia Pacific to pay costs and attorney fees. When the Court dismissed Georgia Pacific's Third-Party Complaint in the Cross action, the order of dismissal stated that if the matter was refiled, Georgia Pacific would be ordered to pay costs and expenses, including reasonable attorney fees, that were duplicated as a result of the refiling. PMC seems to be claiming that Georgia Pacific has refiled its Third-Party Complaint from the Cross action. It has not. The Third-Party Complaint against PMC in the Cross action was for indemnity. The present claim against PMC is for breach of PMC's contract obligation to obtain primary insurance coverage on Georgia Pacific's behalf. These are not the same claims. Therefore, the Court's Dismissal Order of

October 13, 2006, does not apply.

## CONCLUSION

For the reasons set forth above, the Court finds that the doctrines of res judicata and collateral estoppel do not apply in this case. Consequently, Georgia Pacific is not barred from bringing the present action against PMC. Accordingly, PMC's Motion for Summary Judgment should be and hereby is **denied.**

IT IS SO ORDERED, this 31st day of March, 2008.

      /s/Harry F. Barnes
      Hon. Harry F. Barnes
      United States District Judge