IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


P.M.C. CONSTRUCTION, INC.                                                   PLAINTIFF


V.                                         Case No. 06-CV-1104


GEORGIA PACIFIC CORPORATION                               DEFENDANT/COUNTER
PLAINTIFF

V.

P.M.C. CONSTRUCTION, INC.                                    COUNTER DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Before the Court is a Motion for Summary Judgment filed by Defendant Georgia-Pacific

LLC ("GP"), previously known as Georgia-Pacific Corporation. (Doc. 59).  Plaintiff P.M.C.

Construction, Inc. ("PMC"), has responded.  (Doc. 63).  GP has filed a reply to PMC's response.

(Doc. 65).  The Court finds the matter ripe for consideration.

<u>I. BACKGROUND</u>

This is a contract case in which PMC filed a suit against GP for breach of contract and

violating the Arkansas Deceptive Trade Practices Act.  GP filed a counterclaim against PMC,

alleging that PMC breached the terms of their contract when it failed to list GP as an additional

insured entitled to primary coverage under its commercial general liability insurance policy.  On

March 31, 2008, this Court dismissed PMC's claim against GP under the Arkansas Deceptive

Trade Practices Act.  Thus, PMC's only remaining claim before this Court is its breach-of-

contract claim against GP for wrongful termination of their contract.

For fourteen years, GP utilized the services of PMC as an independent contractor to perform industrial construction and maintenance work at GP's facility in Crossett, Arkansas. PMC and GP had a written agreement that applied to any and all purchase orders and work to be performed by PMC from January 1, 2005, through December 31, 2006. In its complaint, PMC alleges that it entered into a contract with GP on January 1, 2005, to perform certain work at GP's Crossett paper mill. Prior to the expiration of the contract (December 31, 2006), GP notified PMC that it would no longer be allowed to perform any work at the Crossett mill. PMC prays for all its lost profits as damages for GP's alleged breach of contract. This matter is now before the Court on GP's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party." *Anderson*, 477 U.S. at 249.  Where no reasonable jury could render a verdict for the

plaintiff, however, summary judgment is properly granted to a defendant.  *Taylor v. White*, 321

F.3d 710, 715 (8th Cir. 2003).

### III. DISCUSSION

GP argues that it is entitled to summary judgment because PMC is unable to identify an

actual term of the parties' written contract that was breached.  However, PMC argues that "the

course of conduct between GP and PMC created an expectation that a certain amount of work

would be awarded PMC by GP during the governance of the contract between the two" and that

GP breached this silent provision. (Plaintiff's Brief in Support of Response to Motion for

Summary Judgment, p. 4, Doc. 64).  Both PMC and GP agree that the contract between them did

not speak explicitly as to whether it created an expectation of work that would be awarded PMC.

However, PMC argues that Arkansas law allows the course and conduct of the parties to an

agreement to supplement or add meaning where the contract fails to expressly address a specific

issue.

The Court begins its analysis with the parol evidence rule:  when a contract is plain,

unambiguous, and complete in its terms, parol evidence is not admissible to contradict or to add

to the contract.  *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 168, 832 S.W.2d 816

(1992); *Hagans v. Haines*, 64 Ark. App. 158, 163, 984 S.W.2d 41 (1988).  A written contract

merges, and thereby extinguishes, all prior and contemporaneous negotiations, understandings,

and verbal agreements on the same subject.  *Ultracuts, Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark.

224, 232, 33 S.W.3d 128 (2000).  Parol evidence may not be admitted to alter, vary, or contradict

the written contract; however, it may be admitted to prove an independent, collateral fact about

which the contract was silent.  *Id*.

Here, there is a service contract between PMC and GP.  The contract states that the "[a]greement covers any and all purchase orders/service from January 1, 2005, through December 31, 2006."  Absent from the contract is any language promising PMC work or the opportunity to bid on work.  The parties agree that the contract did not speak explicitly as to whether it created an expectation of work that would be awarded PMC.  However, PMC argues that the course of conduct between GP and PMC created an expectation that a certain amount of work would be awarded PMC by GP during the governance of the contract between the two.  Because the contract does not explicitly address an expectation of work, PMC wishes to introduce parol evidence—course-of-dealing evidence—to show that GP breached the contract between them when GP notified PMC that it would no longer be allowed to perform any work at the Crossett mill.

GP argues that it is entitled to summary judgment because PMC is unable to identify an actual term of the parties' written contract that GP breached.  However, PMC asserts that the course of dealing between the parties created an expectation of work and that GP breached this understanding or agreement between the parties regarding the expectation of work to be awarded to PMC under the contract.  In support of this argument, PMC cites *National Bank of Crossett v. Griffin*, which states that parol evidence may be introduced "to aid the court in interpreting the meaning of particular language of a contract, such as when the contract contains terms of art or words which have acquired their meaning through course of dealing or custom or usage."  310 Ark. 164, 168, 832 S.W.2d 816 (1992).  *Griffin* goes on to state that if a writing contains a term that is ambiguous, parol evidence is admissible and the meaning of the ambiguous term becomes a question of fact for the factfinder.  *Id*. at 169.

The rules of law stated in *Griffin*, a case cited by PMC in support of its argument that course-of-dealing evidence should be allowed to supplement the contract, do not apply to the present situation. Here, the contract contains no ambiguity and there are no terms of art that need to be explained. Instead, PMC wishes to use course-of-dealing evidence to insert a new provision into the contract, which is different from using the evidence to help with the interpretation of particular language contained in the contract.

PMC also cites the Restatement (Second) of Contracts section 223(1)-(2), which states that "a course of dealing between the parties gives meaning to or supplements or qualifies their agreement," in support of their argument that course-of-dealing evidence should be considered to add an additional term or provision to the contract. RESTATMENT (SECOND) CONTRACTS § 223(1)-(2) (1981). Again, here, there is no ambiguous term or language in the parties' contract that needs to be interpreted. Moreover, section 223 of the Restatement (Second) of Contracts follows Uniform Commercial Code section 1-205, codified in Arkansas as Arkansas Code Annotated section 4-1-205. The Uniform Commercial Code does not apply to the agreement between PMC and GP. *See Venturi, Inc. v. Adkisson*, 261 Ark. 855, 858, 552 S.W.2d 643 (1977); *see also* Ark. Code Ann. § 4-2-102.

The written contract between GP and PMC contains no ambiguous terms that need to be interpreted by course-of-dealing evidence, but it does contain a merger clause. The merger clause states that the agreement constitutes the entire agreement between the parties and supersedes all previous communications, negotiations, proposals, representations, conditions, warranties or agreements, either oral or written, between the parties with respect to the subject matter of the contract. "Where the parties have adopted a writing as a complete and exclusive statement of the terms of the agreement, even consistent additional terms are superseded."

-5-

RESTATMENT (SECOND) CONTRACTS § 213, cmt. c (1981); *see also Farmers Co-Op Assoc. v. Garrison*, 248 Ark. 948, 954-55, 454 S.W.2d 644 (1970) (discussing when a writing constitutes a complete integration and the effects of a merger clause); *Hagans*, 64 Ark. App. at 158 (discussing the parol evidence rule and merger clauses).

PMC also claims that a fact issue remains as to whether GP breached an express term of the contract which stated that PMC would be allowed to remain on the bid list for twelve months. However, PMC did not reference the location of this provision in the contract.  The Court has read the entire contract and did not see any such provision.

<u>IV. CONCLUSION</u>

The Court finds that course-of-dealing evidence cannot be considered to add an additional term to the contract between PMC and GP.   Thus, PMC cannot identify a term in the written contract that GP has breached, which means that no reasonable jury could render a verdict in favor of PMC.  No genuine issues of material facts exist, and GP is entitled to summary judgment as a matter of law.  Upon consideration, the Court finds that GP's Motion for Summary Judgment should be and hereby is **GRANTED**.  PMC's breach-of-contract claim against GP is **DISMISSED WITH PREJUDICE**.  An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 20th day of November, 2008.

   /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge